In the Matter of Sperry Rand Corporation, Petitioner, *v.* Water Resources Commission et al., Respondents.

Third Department, July 8, 1968.

*Chadbourne, Parke, Whiteside & Wolff* (*Edward R. Neaher, Howard S. Sussman* and *Richard E. Rieder* of counsel), for peitioner.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch, Dunton F. Tynan* and *Julius Feinstein* of counsel), for respondents.

*Nemeroff, Jelline, Danzig, Paley & Kaufman* (*Howard J. Levitz* of counsel), amicus curiæ.

HERLIHY, J. The petitioner seeks the annulment of a determination of the respondent commission which permits a landowner adjacent to premises of the petitioner corporation to utilize well water in a specified way.

When the adjacent landowner made application pursuant to section 476 of the Conservation Law for permission to sink a well on its property, the local water district objected on the basis that the existing water supply would be reduced and that the ground water supply might be contaminated. The petitioner objected on the ground that the water would be heated and thereby its well water would be heated and thus, its use of its present well would be adversely affected.

The Commission attached certain conditions to the granting of its permit and found that subject to these conditions the ground water supply would not be affected, nor would there be any contamination of the public water supply. The public water district is apparently satisfied as to its water supply and

has not sought review of the commission's approval of the application.

The commission found that the heating of the water returned to the ground might or could result in raising the temperature of the water being utilized by the petitioner and thereby damage the petitioner but implicitly found that such a possibility did not prevent the granting of the application.

The fundamental issue raised in this court is whether or not the commission *must* either refuse an application for a well or impose protective conditions when it appears that the proposed use will have an adverse effect on the same use by an adjoining landowner.

Article 5 of the Conservation Law has been denominated by the Legislature as the "Water Resources Law". All statutory references hereinafter are to this article. Sections 400-a and 401 establish the public need for regulation of the use of water resources and section 410 creates the Water Resources Commission. Section 404 provides that the commission shall be concerned with the public health, safety or welfare. Sections 429-a, 429-b and 429-c relate to surface waters, but in each of said sections the commission is directed to be concerned with the "health, safety and welfare of the people of the state". Section 429-j relates to the rights of private individuals and their causes of action against each other and does not relate to the duties of the commission other than as it provides in subdivision (8) thereof that these rights and duties do not affect the power of the State and its subdivisions. Section 436 relates to comprehensive planning and again provides in subdivision (6) thereof that the concern of the commission is with "the public interest or benefit".

The present appeal concerns part VI of the said article 5. This part is entitled "WATER SUPPLY". Section 450 requires approval of plans relating to supplies of potable water with certain exceptions not here applicable. Section 451 regulates the procedure for obtaining approval pursuant to section 450 and in subdivision (4) requires that certain determinations are to be made by the commission and they are essentially as follows:

1. whether the plans are justified by public necessity,

2. whether the plans provide for proper and safe construction,

3. whether there is to be proper protection of the supply from contamination,

4. whether the plans are just and equitable to other affected municipalities and their inhabitants,

5. whether the plans provide for the determination of any and all legal damages to person and property resulting from the project.

Subdivision (5) provides specifically that the commission shall " make a reasonable effort to meet the needs of the applicant, with due regard to the actual or prospective needs, interests and rights of others which may be affected by the proposed projects ". Subdivision (2) of section 476 provides in effect that the application in the present case is subject to sections 450 and 451.

The respondent is correct when it argues that its concern with an application for a permit under article 5 is properly with the public interest and not with the competing interests of two adjacent landowners in a water supply for their purely private interests. The resolution of such private interests has been left by article 5 (see § 429-j) to the parties themselves and such redress as the courts of this State may provide. We assume that the contention of an objectant as to the effect an approval will have on his private interests is to be considered in determining the public interest issue, but the weight to be given to the proof submitted by a private interest is for the commission, and it appears that the commission has found the proposed well to be in the public interest for good and sufficient reasons.

The determination should be confirmed, with costs, and the petition dismissed.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Determination confirmed, with costs, and petition dismissed.